IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WALTER MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-CV-52-WC |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On June 25, 2020, the Commissioner filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant (Doc. 12). The Commissioner also filed a memorandum in support of the motion, in which the Commissioner states remand is necessary so that the agency may further consider the medical evidence. Doc. 12 at 2. In addition, the parties have consented to entry of final judgment by the United States Magistrate Judge pursuant to 28 U.S.C. 636(c). Docs. 7 and 8.

Sentence Four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law

relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). In this case, the court finds reversal and remand necessary, as Defendant concedes reconsideration and further development of the record is in order. Furthermore, Plaintiff does not oppose the motion. *See* Doc. 14 at 1–2. Accordingly, it is

ORDERED that the Commissioner's Motion (Doc. 14) is GRANTED. For the reasons set forth in the Motion and in this Order, the decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to 42 U.S.C. § 405(g). It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.,* 454 F3d 1273, 1278 n.2 (11th Cir. 2006), Plaintiff shall have **ninety (90)** days after receipt of notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C.§ 406(b). *See also Blitch v. Astrue,* 261 Fed. App'x 241, 241 n.1 (11th Cir. 2008).

A separate judgment will issue.

DONE this 26th day of June, 2020.

 /s/ Wallace Capel, Jr.  
WALLACE CAPEL, JR.  
CHIEF UNITED STATES MAGISTRATE JUDGE